IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| DENISE WILLIAMS,<br><br>      Plaintiff,<br><br>      v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>      Defendant. | Civil No. 18-13465 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Denise Williams from a denial of social security disability benefits.

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

**I.**     **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere

1

scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). The analysis proceeds as follows:

> At step one, the ALJ determines whether the claimant is performing "substantial gainful activity[.]" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is not disabled. Id. Otherwise, the ALJ moves on to step two.
> 
> At step two, the ALJ considers whether the claimant has any "severe medically determinable physical or mental impairment" that meets certain regulatory requirements. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe impairment" is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" Id. §§ 404.1520(c), 416.920(c). If the claimant lacks such an impairment, he is not disabled. Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has such an impairment, the ALJ moves on to step three.
> 
> At step three, the ALJ decides "whether the claimant's impairments meet or equal the requirements of an impairment listed in the regulations[.]" Smith, 631 F.3d at 634. If the claimant's impairments do, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If they do not, the ALJ moves on to step four.
> 
> At step four, the ALJ assesses the claimant's "residual functional capacity" ("RFC") and whether he can perform his "past relevant work."2 *202 Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). A claimant's "[RFC] is the most [he] can still do despite [his] limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If the claimant can perform his past relevant work despite his limitations, he is not disabled. Id. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot,

3

the ALJ moves on to step five.

> At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II. **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was forty-eight years old at the alleged onset date, claims disability, in part, based on a diagnosis of "overactive bladder syndrome as well as urgency incontinence and weak pelvic floor muscles." (A.R. at 345)

At the disability hearing, Plaintiff's counsel highlighted this evidence in his opening statement, explaining to the ALJ that Plaintiff "suffers from urinary frequency stemming from two/five strength in the pelvic muscles, this results in her urinating upwards of ten times a day in small volumes and every hour while trying to sleep. . . . [I]t is an impairment that will definitely affect [Plaintiff's] ability to maintain employment." (A.R. at p. 36)

4

III. **ALJ'S DETERMINATION**

The ALJ found Plaintiff not disabled. At Step Two of the five-step sequential analysis, the ALJ concluded that Plaintiff's "urinary frequency" was non-severe. The relevant portion of the ALJ's written decision, in its entirety, reads:

> The record also includes evidence of non-severe impairments. Hypothyroidism, obesity, hyperlipidemia, urinary frequency are noted, but the record does not substantiate any work related limitations from these conditions.

(A.R. at 16)

IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ erred in concluding that Plaintiff's urinary frequency was not a severe impairment.[1] Plaintiff points to A.R. p. 345, Dr. Maccarone's treatment report[2], and observes that nothing in the ALJ's decision demonstrates that the ALJ considered at all this objective evidence of Plaintiff's urinary frequency. Indeed, it cannot be disputed-- and is not disputed-- that Dr. Maccarone's

---

[1] "An impairment, once established, must be considered severe unless the evidence demonstrates that it is merely a slight abnormality, having no more than a minimal effect on an individual's ability to work. Reasonable doubts on severity are to be resolved in favor of the claimant." Sincavage v. Barnhart, 171 F. App'x 924, 926 (3d Cir. 2006) (citing and quoting Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546-47 (3d Cir. 2003)).

[2] At the disability hearing, Dr. Maccarone's report was admitted into evidence as Exhibit 6F. (A.R. p. 30)

report is neither cited, nor discussed in the ALJ's decision, although the report was admitted into evidence during the disability hearing.

In response to Plaintiff's argument, the Commissioner suggests that Dr. Maccarone's report is irrelevant because the report predates, by more than two months, Plaintiff's alleged disability onset date. This argument fails for at least two related reasons. First, the ALJ did not explain that she was aware of Dr. Maccarone's report and affording it little or no relevance or weight because of its date; the ALJ simply said nothing about this evidence. Second, the ALJ explicitly did consider in her written decision other evidence (Exhibits 5F and 7F) which also predates Plaintiff's alleged onset of disability. (See A.R. p. 19, 20, 23, 30) Thus, the ALJ's consideration and discussion of that evidence militates against an inference that the ALJ did not consider, or implicitly discounted, Dr. Maccarone's report simply because of its date.

The Commissioner goes on to explain why the evidence in the administrative record supports a non-severe finding. The problem with this argument, however, is that no similar discussion of the record evidence appears in the ALJ's decision. As Plaintiff correctly observes, this Court cannot accept a *post hoc* explanation of the ALJ's decision when the foundation for that explanation is nowhere to be found in the ALJ's written

decision. See Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016) ("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'") (quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000)) (Bumb, D.J.).

Lastly, the Court does not agree with the Commissioner's assertion that even if, assuming *arguendo*, the ALJ erroneously determined non-severity, that error was harmless. As Plaintiff explains in her briefs, if the ALJ credited the evidence that Plaintiff must use the bathroom at least ten times a day, that finding could, in turn, support a finding that Plaintiff is unable to work in the competitive labor market. The Vocational Expert testified at the disability hearing that if a "person would not be on task more than 15% of the day, they would not be able to do work in the competitive labor market." (A.R. p. 72-73)

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)). The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because it presently lacks the requisite access to the ALJ's reasoning. It may well be the case

that the ALJ will arrive at the same decision. At this juncture, however, the ALJ must provide additional explanation for the decision. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

**ACCORDINGLY**, it is on this **20th** day of **September, 2019**,

**ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.

\_\_\_s/ Renée Marie Bumb\_\_\_
RENÉE MARIE BUMB, U.S.D.J.