[Docket No. 21.]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| DENISE W.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil No. 18-13465 (RMB) <br><br> **MEMORANDUM ORDER** |

**RENÉE MARIE BUMB, Chief United States District Judge:**

Attorney Alan H. Polonsky, Esq. moves for attorney's fees under Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), based on a contingent-fee arrangement he has with social security claimant Denise W.  By that agreement, Denise agreed that Mr. Polonsky would receive 25% of any past due disability benefits award the Commissioner of Social Security awarded her for representing her in her social security matter.  Mr. Polonsky seeks $27,655.00 in attorney's fees from Denise's past due benefits award, which according to Mr. Polonsky, constitutes 25% of the award.  [Mr. Polonsky's Br. in Supp. of Mot. for Attorney's Fees 2-3 (Docket No. 21-1) (Counsel Br.).]

For the below reasons, the Court **GRANTS** Mr. Polonsky's fee application.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that federal courts should refer to plaintiffs in social security disability cases by only their first names and last initials given the significant privacy concerns in these matters. *See also* D.N.J. Standing Order 2021-10.

I. BACKGROUND

By the contingent-fee agreement, Denise agreed to pay Mr. Polonsky 25% of a past due disability benefits award as compensation for representing her before the Commissioner, the Administrative Law Judge, and this Court. [Docket No. 26-1.[2]] Mr. Polonsky filed a social security appeal in this Court seeking to overturn the Commissioner's denial of her application for disability benefits. [Docket No. 1.] Following briefing, the Court vacated the Commissioner's decision and remanded for more administrative proceedings. [Docket No. 17.] Mr. Polonsky then moved under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, for an award of attorney's fees. [Docket No. 18.] The Commissioner stipulated to an EAJA award for $5,000 in attorney's fees. [Docket No. 19.] The Court entered the consent order awarding Denise $5,000 in attorney's fees under the EAJA. [Docket No. 20.]

After this Court remanded, Mr. Polonsky spent years at the administrative level litigating Denise's social security benefits application. [Mr. Polonsky's Suppl. Br. in Supp. of Mot. for Attorney's Fees at 2 (Counsel Supp. Br.) (Docket No. 27).] According to Mr. Polonsky, after the remand, the ALJ found Denise "disabled but at a later date." [*Id.*] Mr. Polonsky appealed that determination to the Appeals Council. [*Id.*] And the Appeals Counsel then remanded the matter to the ALJ for more administrative proceedings. [*Id.*] The ALJ ultimately found Denise disabled and the Commissioner awarded her $110,620 in past due disability benefits. [Counsel Br. at 1-2; *see also* Docket Nos. 21-4, 24.] Thus, before that award, Mr. Polonsky represented Denise in three administrative hearings and twice before

---

[2] When Mr. Polonsky first moved for attorney's fees, he did not include the contingent-fee agreement he has with Denise. This Court allowed Mr. Polonsky to supplement the record with the agreement. [Docket No. 25.] Mr. Polonsky has now supplemented the record with that agreement. [Docket No. 26.]

the Appeals Council. [Counsel Supp. Br. at 2.] In total, Mr. Polonsky spent about ten years representing Denise before the Social Security Administration and this Court. [*Id.*]

The Commissioner is "withholding $27,655.00 which is 25 percent of [Denise's] past-due benefits" for attorney's fees. [Docket No. 24.] Mr. Polonsky now seeks a fee award for that amount based on his contingent-fee agreement with Denise. [Docket No. 21.] To support his fee application, Mr. Polonsky submits an "Itemization of Service Hours" outlining the time he spent on Denise's social security appeal with an hourly rate of $200.62. [Docket No. 21-3.] According to Mr. Polonsky, the $200.62 hourly rate reflects the maximum allowed under the EAJA (including Cost of Living increases). [Counsel Supp. Br. at 1-2.] While Mr. Polonsky does not typically have an hourly rate for his social security practice because "all cases are handled on contingent fee basis[,]" he asserts his "standard non-contingent fee amount[] would be $350.00." [*Id.*] Mr. Polonsky only charges that hourly rate in limited social security matters. [*Id.*] Mr. Polonsky certifies he spent 27.45 hours on Denise's social security appeal in this Court.[3] [Docket No. 21-3.] Mr. Polonsky contends the $27,655.00 in attorney's fees under the contingent-fee arrangement is reasonable because "the fee requested would result in an imputed effective hourly rate which is more than twice but less than three times [his] non-contingent rate." [Counsel Br. at 3 n.4.] Mr. Polonsky contends courts have found similar fee requests reasonable. [*Id.*]

The Commissioner neither supports nor opposes Polonsky's motion for attorney's fees. [Commissioner Resp. to Mr. Polonsky Pet. For Attorney's Fees 1-2 (Docket No. 23).]

---

[3] Mr. Polonsky's "Itemization of Service Hours" totals 28.20 hours, which includes .75 for "Draft[ing] and Fil[ing] EAJA Petition." [Docket No. 21-3.] Mr. Polonsky acknowledges he cannot receive any fees associated with his EAJA fee application, and so, he has excluded that amount. [Counsel Br. at 3 n.3 (noting .75 hours in statement "are not compensable under 42 U.S.C. § 406(b) and are thus excluded").]

## II.  DISCUSSION

The Social Security Act allows an attorney to have a contingent-fee arrangement with a social security claimant under which the attorney receives a percentage of the benefits award. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (explaining the Act "does not displace contingent-fee agreements").  Section 406(b) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this title who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b).  "Contingent fee arrangements are 'the primary means by which fees are set for successfully representing Social Security benefits claimants in court.'" *Laurice A.H. v. Kijakazi*, 2023 WL 8237336, at *2 (D.N.J. Nov. 28, 2023) (quoting *Gisbrecht*, 535 U.S. at 807)). By Section 406(b), contingent-fee arrangements providing for fees beyond 25% of past due benefits are "unenforceable." *Gisbrecht*, 535 U.S. at 807.

While Congress allows contingent-fee arrangements in the social security realm, courts must police those agreements to ensure they are reasonable. *Id.* ("§ 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.").  In doing so, courts look to "the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017). "Courts should [also] consider the nature and length of the professional relationship with the claimant—including any representation at the agency level[.]" *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022).  "While § 406(b) fees compensate counsel for court-related work,

4

consideration of 'the time spent and work performed by counsel on the case when it was pending at the agency level' can inform a district court's understanding of 'the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court.'" *Id.* (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).  And courts must never forget "'the primacy of lawful attorney-client fee agreements.'" *Acosta v. Comm'r of Soc. Sec.*, 2022 WL 1598947, at *1 (3d Cir. May 20, 2022) (quoting *Gisbrecht*, 535 U.S. at 793).

Courts can reduce "an attorney's recovery based on the character of the representation and the results the representative achieved," or "[i]f the attorney is responsible for delay." *Gisbrecht*, 535 U.S. at 808.  Courts will also reduce a fee award when "the benefits are large in comparison to the amount of time counsel spent on the case." *Id.*  Said another way, courts will reduce a fee award to prevent windfalls to attorneys. *Id.*  In evaluating fee applications, courts have struggled to determine what constitutes a windfall to attorneys. *See generally Arnold v. O'Malley*, 106 F.4th 595, 600-01 (7th Cir. 2024); *accord Fields*, 24 F.4th at 853-54.  The windfall analysis is not "a way of reintroducing the lodestar method" to determine whether a fee under § 406(b) is reasonable. *Fields*, 24 F.4th at 854.  Because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Id.*  Finally, if the attorney has received a fee award under the EAJA, the attorney must refund that award to the social security claimant.  *Gisbrecht*, 535 U.S. at 796 ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (alteration in original, citation omitted))).

Against that backdrop, the Court turns to Mr. Polonsky's fee application. The Court first considers his "experience" as "counsel." *Leak*, 2017 WL 5513191, at *1. While Mr. Polonsky has submitted no affirmation detailing his background or experience, he provides some background information in a footnote of his moving papers. [Counsel Br. at 3-4 n.6.] Mr. Polonsky asserts he received his law degree from Delaware Law School in 1975, and following graduation, he spent about ten years as a staff attorney for the Social Security Administration. [*Id.*] When he left the Administration, he began private practice where he "represented Social Security claimants in hundreds of civil actions and thousands of Administrative proceedings and hearings." [*Id.*] Mr. Polonsky claims to have over forty-five years of experience handling social security matters. [*Id.*] He also asserts he served on various boards focusing on social security matters and often lectures on social security and disability law. [*Id.*]

Next, the Court considers Mr. Polonsky's hourly rate and the nature of contingent fees sought. *Leak*, 2017 WL 5513191, at *1. Mr. Polonsky seeks $27,655.00 in attorney's fees from Denise's $110,620.00 past due disability benefits award, which constitutes 25% of the award. [Counsel Br. 1-2.] Under the contingent-fee agreement, Denise agreed to pay Mr. Polonsky 25% from any past due disability benefits award as compensation for representing her in her social security matter. [Docket No. 26-1.] According to Mr. Polonsky, he spent 27.45 hours on Denise's social security appeal and his non-contingent hourly rate is $350.00. [Docket No. 24-3; Counsel Supp. Br. at 2.] Thus, Mr. Polonsky has an imputed hourly rate of $1,007.47—about three-times higher than his non-contingent hourly rate. Courts in this District have found similar imputed hourly rates reasonable under the circumstances. *Wells v. Comm'r of Soc. Sec.*, 2024 WL 447768, at *1-2 (D.N.J. Feb. 6, 2024) (approving imputed

6

hourly rate of "1,056.34"); *see also Gonzalez v. Comm'r of Soc. Sec.*, 2017 WL 6513349, at *2-3 n.3 (D.N.J. Dec. 19, 2017) (approving imputed hourly rate of "992.82"); *Leak*, 2017 WL 5513191, at *1-2 (finding fee award of over $28,000 reasonable where attorney had imputed hourly rate of $745.24).

Turning to other factors, Mr. Polonsky represented Denise for about ten years, advocating on her behalf in three administrative hearings and twice before the Appeals Council. *Fields*, 24 F.4th at 855-56 (finding fee application seeking $40,170.00 "reasonable" where counsel represented claimant at the agency level for years requiring "four separate hearings before ALJs and . . . multiple petitions to the Appeals Council"). Thus, Mr. Polonsky spent significant time and effort to represent Denise. And given the administrative proceedings, Mr. Polonsky faced a high risk of non-recovery. *Id.* at 856 ("The success of the claim was far from a sure thing, as evidenced by the fact that it was denied multiple times at the agency level."). There is no evidence before the Court that Mr. Polonsky caused any delay to increase his fees. In addition, neither the Commissioner nor Denise have objected to Mr. Polonsky's fee application. Mr. Polonsky achieved Denise a favorable result. In fact, Mr. Polonsky's zealous advocacy led to a larger disability award for her. [Counsel Supp. Br. at 2.]

Thus, given Mr. Polonsky's background and experience, his standard hourly rate, how long he spent on this matter, the issues involved in the appeal, the administrative proceedings, and the risk of non-recovery, the Court finds the $27,655.00 requested fee reasonable. *See Curry v. Comm'r of Soc. Sec.*, 2023 WL 6533443, at *1-2 (D.N.J. Oct. 6, 2023) (finding $30,735.75 fee reasonable where counsel certified to working a total of 28.7 hours in federal

court but represented claimant for about thirteen years). Mr. Polonsky must remit the EAJA award he received to Denise. *Gisbrecht*, 535 U.S. at 796.

### III.   CONCLUSION

For the above reasons, and for other good cause shown,

**IT IS**, on this **11th** day of **September**, **2024**, hereby:

**ORDERED** that the Clerk of the Court shall reinstate Mr. Polonsky's Motion for Attorney's Fees under Section 406(b) of the Social Security Act (Docket No. 21) to the active motion list; and it is further

**ORDERED** that Mr. Polonsky's Motion for Attorney's Fees under Section 406(b) of the Social Security Act (Docket No. 21) is **GRANTED**; and it is further

**ORDERED** that Mr. Polonsky shall remit to Plaintiff Denise W. any amount he received in EAJA fees by this Court's previous award (Docket No.20); and it is finally

**ORDERED** that Mr. Polonsky shall be awarded $27,655.00 in attorney's fees from Plaintiff Denise W.'s past due disability benefits award.

**s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge
